**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:21-CV-591-FDW-DCK**

| | |
|---|---|
| LA VAPOR, INC., | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )      <u>**PROTECTIVE ORDER**</u> |
| | ) |
| SKY SHOP INTERNATIONAL LLC, d/b/a | ) |
| L.A. Vapors Elite Smoke Shop, | ) |
| **Defendant.** | ) |
| | ) |

    **THIS MATTER IS BEFORE THE COURT** on the parties' "Joint Motion For Entry Of Order For The Protection Of Confidential Information" (Document No. 30) filed June 29, 2022. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned <u>grants</u> the motion and adopts the parties' proposed Protective Order as follows.

    Pursuant to Rule 26 of the Federal Rules of Civil Procedure, IT IS HEREBY ORDRERED that this Order for the Protection of Confidential Information ("Protective Order") shall govern the handling of all information, testimony, things, or documents filed with the Court or produced or given (either by a party or non-party) as part of discovery in this action. This Protective Order permits the parties, and non-parties, to designate certain material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" (hereinafter collectively referred to as "Confidential Material"). The party or non-party that makes such a designation shall hereafter be referred to as a "Designating Party." The party or non-party producing documents in this litigation shall hereafter be referred to as a "Producing Party." The party or non-party that receives documents produced in this litigation shall hereafter be referred to as a "Receiving

Party."

1. This Consent Protective Order shall apply to all "Confidential Material." Confidential Material as used herein means all documents, material, information, or things subject to discovery in this litigation that any party (or non-party producing or providing such information) (i) believes contains confidential business, financial, personnel, medical, or personal information and (ii) designates "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to Paragraphs 3, 4, and/or 9 of this Protective Order. "Confidential Material" may include without limitation non-public documents, information contained in documents, things, deposition testimony, interrogatory answers, answers to requests for admission, other discovery pursuant to the Federal Rules of Civil Procedure, pleadings, affidavits, court testimony, appendices or exhibits to briefs, matters in evidence and other information furnished in discovery in this litigation, whether produced informally or through formal methods of discovery.

2. It shall be the duty of the party who seeks to invoke protection under this Protective Order to give notice, in the manner set forth in Paragraphs 3 and 4 of this Protective Order, of any material or information to be regarded as Confidential Material. The duty of the other parties and all persons bound by this Protective Order to maintain confidentiality of the Confidential Material shall commence with such notice or as otherwise set forth below.

3. **Designation and Definitions.** In order for any material and/or information to be regarded as Confidential Material and thereby be entitled to protection under this Protective Order, it must be designated by the producing party as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material.

2

(a) The designation of "CONFIDENTIAL" should be used for documents that the producing party believes in good faith constitutes Confidential Information.

(b) The "ATTORNEYS' EYES ONLY" designation shall be used in good faith and with respect to information that is or contains, reflects, or otherwise discloses a trade secret or other highly confidential information, such as, but not limited to:

(i) business or financial information, including cost, sales, pricing, and profitability information; confidential research, development, or commercial information; business relationships with third parties; strategic marketing and sourcing information; or other confidential information; which would create a substantial risk of serious harm to a corporate party's business if disseminated beyond the parties to whom disclosure is permitted under Paragraph 8 of this Protective Order.; or

(ii) personnel or personal information, the disclosure of which would create a substantial risk of an invasion of the privacy of an individual if disseminated beyond the parties to whom disclosure is permitted under Paragraph 8 of this Protective Order.

4. **Notice and Markings.** Confidential Material may be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by stamping or marking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on each page of the Confidential Material prior to production. In lieu of placing said legend on the originals of the Confidential Material, the producing party may legend the copies that are produced.

Any party may designate any portion or all of a deposition as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by notifying the other parties on the record during the deposition.

3

Alternatively, such party may designate information disclosed at such deposition as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by notifying all the parties in writing, within ten (10) days of the receipt of the deposition transcript, of the specific pages and lines of the transcript which are to be regarded as either "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The parties shall automatically treat all information disclosed at a deposition as "ATTORNEYS' EYES ONLY" for ten (10) days after receipt of the transcript.

Information disclosed in discovery responses may be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by the answering party by indicating in the response the particular information disclosed therein which is "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and thereby subject to the provisions of this Protective Order.

Information disclosed in affidavits may be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by the affiant by describing in the affidavit the particular information disclosed therein which is "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and thereby subject to the provisions of this Protective Order.

5. **Inadvertent Failure to Designate.** Failure to mark, stamp, or otherwise designate as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at the time of production shall not be a waiver of protection under this Protective Order provided that counsel of the producing party promptly notifies counsel of the receiving parties upon realizing the failure. However, the receiving parties shall not be in violation of this Protective Order for any disclosure of information made prior to receiving such notice.

6. **Objection to Designation.** Any party may at any time request from any other party, in writing, the removal of a designation of documents, material, information, or things as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Upon receipt of such request, the

parties shall confer in good faith as to the status of the subject information. If the parties are unable to agree upon the status of the subject information, any party may apply to the Court for a ruling that such documents, material, information, or things shall not be so treated, giving notice to the party producing or designating the discovery material. In such instances, the party producing or designating discovery material shall bear the burden of establishing that the challenged documents, material, information, or things are entitled to protection under this Protective Order. The designating party will cooperate in obtaining a prompt hearing with respect thereto. Until the Court enters an order changing the designation, such material shall be subject to the restrictions initially assigned to it and provided for it in this Protective Order. Documents, material, information, or things which are not, in fact, confidential or proprietary, such as those which are generally known or available, do not become confidential or proprietary merely by means of a party's designation herein.

7. **Use of Confidential Information.** All Confidential Material, including copies or summaries thereof, designated as "CONFIDENTIAL" ***shall be used solely for the purpose of this Litigation*** and shall be disclosed only to:

a. The attorneys of record for the parties in this litigation and their employees or contractors (such as photocopy services or e-discovery contractors) who are assisting them in this litigation;

b. Independent experts or consultants who have been retained by a party or its attorneys for this litigation (and who otherwise are not currently and have not formerly been employed by, affiliated with, or a consultant to another party), provided that each such expert or consultant first executes a written declaration in the form attached as Exhibit A;

5

c.      The parties and individuals who, as of the filing of the Complaint in this action and at the time of the disclosure of the Confidential Information, were officers, directors, or employees of a party and who require the information to assist in or evaluate this litigation, provided that each such individual will be informed of this Protective Order and advised of its terms and its application to him or her;

d.      The Court and persons associated with or employed by the Court whose duties require access to the information;

e.      A mediator mutually selected by the parties and/or by the Court;

f.      A deponent who is a party or officer, director, or employee of a party during the course of, or in preparation for, a deposition, provided that each such deponent first executes a written declaration in the form attached as Exhibit A;

g.      The author of a document and each recipient of a copy of the document, only insofar as the recipient is identified on the face of the document; and

h.      The officer taking, reporting, or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript of the deposition.

8.    **Additional Protections For Attorneys' Eyes Only Material.**  All Confidential Material designated as "ATTORNEYS' EYES ONLY," including copies or summaries thereof, ***shall be used solely for the purpose of this Litigation*** and shall be disclosed only to:

6

a. The attorneys of record for the parties in this litigation and their employees or contractors (such as photocopy services or e-discovery contractors) who are assisting them in this litigation;

b. Independent experts or consultants who have been retained by a party or its attorneys for this litigation (and who otherwise are not currently and have not formerly been employed by, affiliated with, or a consultant to the party), provided that each such expert or consultant first executes a written declaration in the form attached as Exhibit A;

c. The Court and persons associated with or employed by the Court whose duties require access to the information;

d. A mediator mutually selected by the parties and/or by the Court; and

e. The officer taking, reporting, or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript of the deposition.

9. **Confidential Material from a Non-Party.** If any non-party produces or provides any documents or information to the parties in this litigation that the non-party or any party reasonably believes contains Confidential Material, the non-party and/or any party shall have the right to designate such documents and information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Protective Order. A non-party that designates documents or information as Confidential Material under this Paragraph does not by virtue of such designation obtain any right to review documents or information designated Confidential Material by other parties.

7

10. **Obligations of the Parties.** No person to whom Confidential Material is disclosed shall disclose such Confidential Material to any person to whom disclosure is not authorized by the terms of Paragraphs 7 or 8 of this Protective Order. Each of the parties named above and their undersigned counsel of record undertakes to abide by and be bound by this Protective Order's provisions and to use due care to see that its provisions are known and adhered to by those under its supervision or control.

11. **Confidential Material Filed Under Seal.** Before filing any information that has been designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 6.1 and the Court's Administrative Procedures Governing Filing and Service by Electronic Means, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the Information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override

8

any common law or constitutional right of public access which may attach to the Information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

12. **Privileged Information.** An inadvertent disclosure of privileged or trial-preparation materials (absent a clear indication of the intent to waive such privilege or protection) shall not be deemed a waiver or forfeiture of such privilege or protection, provided that the disclosing party identifies any such materials promptly after it or he discovers the inadvertent disclosure. Upon request, any such inadvertently produced materials shall be returned. In the event of a dispute over the use of any materials claimed by a party to be privileged or protected, the receiving party must sequester or destroy all copies of such materials, and may not use or disseminate the information contained therein until such time as the dispute over the claim of privilege or protection is resolved by the Court.

13. **Termination of Litigation.** Within thirty days of the final conclusion of this action, including any appeals, all Confidential Material, and all copies thereof, shall be destroyed by all parties other than the designating party, except that counsel for each party is entitled to keep copies of pleadings, discovery, and correspondence, and any attachments or exhibits thereto, including Confidential Material, used in this litigation in a secure storage area subject to the terms of this Consent Order. Upon request from the designating party, any other party shall confirm such destruction in writing to the designating party within five business days. The provisions of this Order insofar as they restrict the disclosure, communication of, and use of Confidential Material shall continue to be binding after the conclusion of this action

9

and the Court shall have jurisdiction over the parties, their attorneys, and all persons to whom Confidential Material has been disclosed for the purpose of enforcing the terms of this Protective Order and/or redressing any violation thereof.

14. **Additional Protection.** Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Protective Order.

Nothing in this Protective Order shall prevent or otherwise restrict any counsel from rendering advice to that counsel's client and, in the course thereof, relying on the examination of items designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," provided, however, that in rendering such advice and otherwise communicating with such client, or the client's representative, counsel shall not make specific disclosure of any item so designated, unless such client or representative is a person to whom disclosure has been or may otherwise be made hereunder.

Nothing in this Protective Order shall prevent or otherwise restrict any person or party or their counsel from investigating the facts underlying this litigation, and, in the course, thereof, relying on an examination of items designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," provided, however, that in the course of such investigation, the person, party and/or its counsel shall not make specific disclosure of any item so designated, except to a person to whom such disclosure may otherwise be made hereunder.

This Protective Order has no effect upon, and its scope shall not extend to, any party's use of its own documents, material, information, or things.

10

Subject to the provisions herein, if another court, administrative agency, or any other person subpoenas or orders production of documents, material, information, or things designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under the terms of this Protective Order, the receiving party shall immediately notify the producing party of the existence of such subpoena or order, shall object to such production on the basis of this Protective Order, and shall use reasonable efforts to afford the producing party an opportunity to be heard by the court, administrative agency, or other body prior to disclosure of such documents, material or information.

15. **Modification.**  This Protective Order may be modified or terminated only by the Court.

16. **Miscellaneous.**  Nothing in this Protective Order, no designation hereunder by any party, nor any failure by any party to challenge the designation by another party of any documents, material, information, or things as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be construed as or deemed an admission or agreement that any specific information is or is not confidential, proprietary, or a trade secret, or is or is not subject to discovery, or is or is not admissible in evidence.

**SO ORDERED**.

Signed: June 30, 2022

David C. Keesler
United States Magistrate Judge

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO.  3:21-CV-591-FDW-DCK**

| | |
|---|---|
| **LA VAPOR, INC.,**<br><br>           **Plaintiff,**<br><br>     v.<br><br>**SKY SHOP INTERNATIONAL LLC, d/b/a<br>L.A. Vapors Elite Smoke Shop,**<br><br>          **Defendant.** | **DECLARATION OF**<br>_____ |

     1.     My name is _____.  I have personal knowledge of the facts set forth in this Declaration, and if called and sworn as a witness, I would testify competently to those facts.

     2.     I live at: _____.

     3.     I am employed as (state position): _____.

     4.     The full name and address of my employer is: _____

_____

_____

     5.     I am aware that an Order for the Protection of Confidential Information ("Protective Order") has been entered in the case of *LA Vapor, Inc. v. Sky Shop International LLC, d/b/a LA Vapors Elite Smoke Shop*, in the United States District Court, Western District of North Carolina, Charlotte Division (the "Court").  A copy of that Protective Order has been given to me.  I have reviewed its terms and conditions.

     6.     I agree that documents, information, testimony, and tangible things ("Information") designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be subject to the terms of the Protective Order and agree to comply with and be bound by the terms of the Protective Order.

12

7.      Without limiting the foregoing, I agree that I will not disclose or discuss any Information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY except as allowed by the Protective Order.

8.      I agree to use any Information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY solely in connection with participation in this action and for no other purpose.

9.      I am aware that contempt sanctions may be entered against me for violation of the Protective Order.

10.      I agree to waive any objections to the exercise of personal jurisdiction over me by the Court for the adjudication of issues related to the Protective Order and any alleged violations of the Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing declaration is true and correct.

Executed this _____ day of _____, _____.


_____

13